UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

                                                        **DECISION AND ORDER**
          v.                                                           03-CR-87-A

MICHAEL A. HAGGINS,

                          Defendant.

---

The defendant, Michael A. Haggins, was charged in a Petition for Offender Under Supervision, filed on May 9, 2013 (the "Petition"), with two charges of violating a mandatory condition of his supervised release requiring that he "not commit another federal, state or local crime." The Petition charges defendant Haggins with: (1) Obstruction of Breathing with intent to impede normal breathing in violation of New York Penal Law § 122.11.a; and, (2) Unlawful Imprisonment in violation of New York Penal Law § 135.05. Both New York Penal Law offenses are misdemeanors.

The charges in the Petition allege that, on May 9, 2013, defendant Haggins choked a female while sitting on her chest. Based upon evidence offered during a violation hearing, and for the reasons stated below, the Court finds that the defendant knowingly choked Latasha Davenport with intent to impede her normal breathing and that he knowingly restrained Ms. Davenport while doing so. The Court therefore finds the defendant guilty of Charges 1 and 2 of the Petition.

## BACKGROUND

A Judgment in a Criminal Case against defendant Haggins reflecting a September 19, 2005 sentencing was filed on October 3, 2005. Dkt. No. 217. The defendant had been adjudged guilty after a plea to the offense of Conspiracy to Possess with Intent to Distribute 50 Grams or More of Cocaine Base in violation of 21 U.S.C. § 846. *Id.* For that offense, the defendant faced a mandatory-minimum sentence of 120 months and a maximum of life imprisonment. He was sentenced to a term of imprisonment of 140 months to be followed by five years of supervised release.

Defendant Haggins' September 19, 2005 sentence included, as a Condition of Supervised Release, the following mandatory condition:

> The defendant shall not commit another federal, state or local crime.

Dkt. No. 217, p. 3. The defendant's five-year term of supervised release began on August 19, 2011.

A violation hearing pursuant to Fed. R. Crim. P. 32.1(b)(2) was held June 18, 2013 and lasted approximately one hour. The parties gave oral summations at the close of the evidence.

The Court evaluates the evidence offered to establish a violation of supervised release by a standard of the preponderance of the evidence. 18 U.S.C. § 3583(e)(3); *Johnson v. United States*, 529 U.S. 694, 700 (2000). While conducting the hearing and reviewing the evidence presented at the hearing, the Court is mindful that the

Federal Rules of Evidence are not applicable in revocation proceedings. Fed. R. Evid. 1101(d)(3). Certainly, however, the Federal Rules of Evidence are a useful guide to help the Court to make findings supported by "verified facts" and by "accurate knowledge." *United States v. Bari*, 599 F.3d 176, 179 (2d Cir. 2010) (*quoting Morrissey v. Brewer*, 408 U.S. 471, 489 (1972).

During the violation hearing on June 18, 2013, the government introduced the testimony of Latasha Davenport, Town of Tonawanda Police Officer Michael G. Lewandowski, and U.S. Probation Officer Tammi S. Rogers. Defendant Haggins testified on his own behalf and called no other witnesses. After carefully observing the witnesses' demeanor and testimony, considering the exhibits admitted into evidence, and applying the preponderance of the evidence standard of proof, the Court finds the following facts.

## **FACTS**

After midnight on May 9, 2013, in the bedroom of Latasha Davenport's apartment at 584 Englewood Avenue, Tonawanda, New York, the defendant, Michael A. Haggins, got into a heated argument with Ms. Davenport. The argument escalated to a physical struggle during which defendant Haggins sat astride Ms. Davenport's chest, with his hands around her throat, choking off her breathing, while Ms. Davenport tried to free herself.

Defendant Haggins lived with his mother and brother on Sanders Road, in Buffalo, New York, but he and Ms. Davenport were in an intimate relationship, and he would sometimes stay with her at her apartment on Englewood Avenue. On May 9,

3

2013, the defendant and Ms. Davenport were arguing over money and rent when the argument escalated.

Fortunately, defendant Haggins released the pressure he was applying to Ms. Davenport's neck to obstruct her breathing before she passed out. The defendant climbed off Mrs. Davenport and went into the kitchen of the apartment. Ms. Davenport followed the defendant into the kitchen, continuing the argument over money. The argument again escalated to a physical altercation and the defendant pushed Ms. Davenport to the floor and again held her down while he choked her with his hands on her throat. The defendant again released the pressure on Ms. Davenport's throat before she passed out or became unconscious. He then left the apartment.

Ms. Davenport had scratches on her neck, a scratch over her right eye and some bruises as a result of the altercation with defendant Haggins. Ms. Davenport called the police, and an audio recording of her call generally describes the altercation, her condition, and named defendant.

Officer Michael Lewandowski of the Town of Tonawanda Police responded to Ms. Davenport's apartment and took her complaint regarding the conduct of defendant Haggins. Officer Lewandowski took photos that show some scratches on Ms. Davenport's neck and over her right eye. He observed her crying. Ms. Davenport was examined by paramedics at her apartment but declined transportation for medical evaluation.

A few days after the altercation with defendant Haggins, Ms. Davenport was

interviewed by U.S. Probation Officer Tammi S. Rogers. Officer Rogers observed the scratches on Ms. Davenport's neck and over her right eye. During the violation hearing, Ms. Davenport pointed to defendant in the Courtroom as the person who caused the marks on her neck and over her eye by choking and restraining her.

## **FINDINGS**

Defendant Haggins does not dispute that he quarreled with Ms. Davenport on May 9, 2013, but denies choking or restraining her. Defendant testified that they argued over sex when he wanted to sleep so he would be ready for work early the next morning and that Ms. Davenport became physically aggressive. He eventually suggested he may have pushed her back, but testified that she grabbed his shirt as he was trying to leave the apartment to get away and ripped his shirt off. However, after observing the testimony of the witnesses during the violation hearing, and carefully weighing the credibility of the witnesses, the Court finds that the defendant did knowingly apply pressure to Ms. Davenport's throat and obstructed her breathing with intent to impede her normal breathing and that defendant did restrain Ms. Davenport.

Defendant Haggins' explanation of his altercation with Ms. Davenport was not credible. He claimed the altercation began after he rebuffed her sexual advances and she became angry and physically abusive. He sought to portray her complaints to the police and her testimony as a vindictive attempt to retaliate for an earlier incident when he reported Ms. Davenport to the police for slashing the tires on his car. He claimed that Ms. Davenport ripped the shirt off his back as he was leaving

5

the apartment, but that he had the shirt in his car.  He had not mentioned the ripped shirt to the police, or provided it to the police, to corroborate his explanation of the altercation.  The Court observed defendant's testimony, and all the witnesses' testimony, and finds defendant's testimony not credible.

Ms. Davenport's reports of the incident during her testimony in Court were generally consistent with what she said while recorded when she first called the police.  The scratches on her neck were consistent with her testimony that she struggled to escape defendant Haggins' choking grasp while he restrained her.  The photos taken by Officer Lewandowski, and U.S. Probation Officer Rogers' observations of Ms. Davenport are consistent Ms. Davenport's testimony during the violation hearing.

Although defendant Haggins' counsel suggests that defendant's relationship Ms. Davenport was mutually abusive, Ms. Davenport is not on federal supervised release and is not alleged to have committed criminal offenses.  Ms. Davenport admitted during her testimony that she was physically aggressive toward defendant on May 9, 2013, while defendant initially testified he "never touched her," only to admit later that he might have pushed her away during the altercation.  Having observed Ms. Davenport and defendant during the hearing, the Court rejects the argument that Ms. Davenport was testifying falsely to retaliate against defendant for having reported her to the police, back in September or October of 2012, for slashing tires on his car.

Defendant Haggins' counsel stresses that defendant has been complaint with

the conditions of his supervised release and has been steadily employed since his supervision began in August of 2011.  Defendant also has a long criminal record, and based upon his original Presentence Investigation Report, some of it seemingly involving conduct similar to the conduct established during the violation hearing.

Based upon all the evidence at the hearing, the Court specifically finds by a preponderance of the evidence that defendant Haggins is guilty of Obstruction of Breathing with intent to impede normal breathing in violation of New York Penal Law § 122.11.a, and is guilty of Unlawful Imprisonment in violation of New York Penal Law § 135.05.  The defendant obstructed Ms. Davenport's breathing by choking her while he was restraining her by being on top of her.

## **CONCLUSION**

For these reasons, the Court finds the defendant, Michael A. Haggins, has violated mandatory conditions of his supervised release that he not commit another federal, state or local crime as is alleged in Charges 1 and 2 of the May 9, 2013 Petition for Offender Under Supervision.

Sentencing for the defendant's supervised release violations will be held on August 5, 2013 at 1:30 p.m.  The United States Probation Office shall complete a report by July 18, 2013.  Any sentencing memorandum to be filed on behalf of defendant Haggins shall be due July 25, 2013.  The response of the United States

shall be due July 31, 2013.

SO ORDERED.

*s/Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: June 19, 2013